JOHN GRAHAM *vs.* BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

July 3, 1888.

**Carrier of Passengers—Care Required — Negligence Presumed from Collision.**—Instructions *held* erroneous because they made plaintiff's right to recover depend on the finding of certain facts when the evidence tended to prove other facts, which, if found, might entitle plaintiff to a recovery.

Appeal by plaintiff from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial after verdict for defendant.

*Wilson & Bowers*, for appellant.

*Lovely, Morgan & Morgan, John Whytock*, and *S. K. Tracy*, for respondent.

GILFILLAN, C. J. This was an action for injuries received by plaintiff while a passenger on one of defendant's trains, caused by the train coming in collision with another train of defendant. The allegations in the complaint in respect to the injuries to plaintiff were such as would justify a recovery (if the evidence would justify it) for injuries that were apparent immediately upon the happening of the collision, and injuries not then apparent, but which were subsequently disclosed. On the trial the evidence indicated that the injuries apparent at once were slight; plaintiff being, as he testified, knocked down, his head knocked against a board, and his hip struck, as he thought, by the tender; but he did not appear to have realized, at the time, that he was hurt so as to cause him inconvenience, for he walked a considerable distance, and then took a long ride in a carriage, at the end of which he found himself very stiff and sore. Though those injuries were slight, they would have justified a recovery for something more than merely nominal damages. Two or three days after the collision, he was taken, and continued for some 13 weeks, seriously ill. He claimed at the trial, and gave evidence tending to prove, that this illness was an effect of the shock and

v.39м—6

bruises caused by the collision, and that the permanent consequences to his health are very serious.    Defendant denied this, claiming that the illness was caused by plaintiff having taken a cold, and upon that was the chief stress of the contention.

At the request of the defendant the court gave to the jury three instructions, substantially alike; one of them being in these words: "Before he [plaintiff] can recover, he must satisfy you that his sickness and alleged disabilities resulted from defendant's negligence, and not from any other source; and if he has failed to show that his injuries and sickness resulted from the collision, and not from any other source, he cannot recover."   And another:   "If you believe that he contracted a cold, or suffered exposure, which resulted in his sickness after he returned home, and caused the *present* injuries, if any, of which he now complains, he cannot recover in this action, and your verdict will be for the defendant."   These instructions leave entirely out of account the evidence as to plaintiff's being knocked down, his head knocked against a board, and his hip being struck by the tender.    They are so clear and explicit that the jury must have understood from them that plaintiff could not recover unless he had proved that the sickness, coming upon him two or three days after the collision, was caused by it.   As we have stated, he might, on the evidence, be entitled to actual damages, with the matter of his illness left out of account.   For the error in these instructions there must be a new trial.    This is to be regretted, because it is apparent that they were given through inadvertence, caused by the evidence being so largely devoted to the matter of plaintiff's illness.

There was another exception to the charge, which we will but briefly notice.    The court, in its charge as to the degree of care required of defendant, stated:   "They are to use all reasonable care and diligence to prevent a collision."    This was repeated, in effect, several times, the court in each instance using the terms "reasonable care."    Plaintiff claims that this is not equivalent to the "utmost human care and foresight," which the law requires of common carriers of passengers. Defendant insists that reasonable care is that degree of care which is required of a party under the circumstances of the particular case, and that, therefore, the rule stated by the court was right.   This may

be so, but then it would not give the jury much information as to the degree of care required of defendant. We are inclined to think it was not error, and that plaintiff's proper course was to request a charge embodying a definition of the degree of care imposed upon a common carrier of passengers. But, really, though it may not be strictly necessary for us to decide it, and the parties and court below seem to have considered that defendant's negligence was, on the evidence, a question which the jury could decide either way, we do not see that the evidence left any question upon it. Two of defendant's trains or engines, running on the same track in opposite directions, at a high rate of speed, came into collision. Ordinarily, such a thing would not happen without mismanagement or want of care on the part of some officer or servant of the defendant. *Prima facie,* such a thing can occur only through some negligence on the part of the railroad company. Proof of the collision, when a passenger sues for injuries caused by it, imposes on the company the burden of proving that it did not occur by reason of any failure to exercise the care and diligence required of carriers. We do not see in the settled case any evidence tending to prove that.

Order reversed.